OPINION OF THE COURT
Memorandum.
Judgments of conviction for the defendants Dieudonne and *560 the defendant Bernagene unanimously modified in the interest of justice and the exercise of discretion by deleting the jail terms imposed therein, and, as so modified, judgments of conviction affirmed.
Judgment of conviction for the defendant Strackman affirmed.
Each of the four defendants attacks the constitutionality of the statute under which they pleaded guilty on the ground that it was not gender-neutral and thereby denied them equal protection of the law and denied them due process. Section 130.20 of the Penal Law provides in relevant part that:
“A person is guilty of sexual misconduct when:
”1. Being a male, he engages in sexual intercourse with a female without her consent; or
“2. He engages in deviate sexual intercourse with another person without the latter’s consent”.
In People v Liberta (64 NY2d 152, 168-173) the court discussed the exact issues being raised herein within the context of the rape and sodomy statutes. The court held that a statute treating males and females differently was violative of equal protection unless the People could show that the gender-based law was “related to an important governmental objective” (supra, at 170). In the case at bar, the People have failed to come forth with any argument that has not already been rejected in some form by the Court of Appeals (supra; see also, People v Whidden, 51 NY2d 457). In Liberta, the court discussed the proper remedy and found that where the choice was to declare the statute void or “extend the coverage of the statute to those formerly excluded” (supra, at 170) the proper choice was to extend the coverage. The following statement by the Court of Appeals dealt with the claim by the defendant Liberta that he was being denied due process of law. The court stated (supra, at 172-173) that: “The defendant cannot claim that our decision to retain the rape and sodomy statutes, and thereby affirm his conviction, denies him due process of law. The due process clause of the Fourteenth Amendment requires that an accused have had a fair warning at the time of his conduct that such conduct was made criminal by the State * * *. Defendant did not come within any of the exemptions which we have stricken, and thus his conduct was covered by the statutes as they existed at the time of his attack”.
It is for the Legislature to amend the remaining sections in *561 article 130 of the Penal Law so as to render them gender-neutral wherever appropriate. However, following the rationale of the Court of Appeals in People v Liberta (supra), this court affirms the acceptance of the pleas to attempted sexual misconduct for the reasons set forth above.
It is the opinion of this court, that under the particular circumstances of the underlying offense herein, that no purpose would be served by imposing any jail time on any of the defendants herein. We have therefore modified the sentences accordingly.
DiPaola, P. J., Stark and Ingrassia, JJ., concur.